**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Armenta-Vasquez,<br><br>　　　　　Petitioner,<br><br>v.<br><br>United States of America,<br><br>　　　　　Respondent. | No. CV-19-05310-PHX-DWL<br><br>**ORDER** |

　　　　On July 1, 2020, the magistrate judge issued a report and recommendation ("R&R") concluding that Petitioner's amended motion under 28 U.S.C. § 2255 should be denied and giving Petitioner 14 days to file objections. (Doc. 17.)

　　　　On July 31, 2020, after Petitioner failed to file objections, the Court issued an order adopting the R&R (Doc. 18) and entered judgment (Doc. 19).

　　　　On August 10, 2020, Petitioner filed an "objection" (Doc. 20) and a notice of appeal (Doc. 21). It's unclear whether the "objection" (Doc. 20) is intended to be (1) untimely objections to the R&R, (2) a Rule 60(b) motion for leave to file untimely objections to the R&R, or (3) both.

　　　　To the extent that it is a Rule 60(b) motion, it fails to establish excusable neglect for not filing a timely motion to extend the deadline. Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [due to]

mistake, inadvertence, surprise, or excusable neglect."[1]  Courts assessing whether neglect is "excusable" must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).[2]

      Here, the danger of prejudice to Respondent is minimal, but both Respondent and this Court have an interest in finality.

      The length of the delay is moderate.  Petitioner was given 14 days to file objections to the R&R.  The Court waited an additional 14 days before accepting the R&R.  And then Petitioner waited another 10 days to seek relief.

      The reason for the delay—lack of access to the law library caused by the Covid-19 pandemic—would establish good cause to extend a deadline pursuant to Rule 6(b)(1)(A), before the time to act expired.  But Petitioner offered no reason to justify his failure to seek an extension of time.

      The final *Pioneer* factor is whether the movant acted in good faith. The Court has no reason to suspect any bad faith motive.

      The Covid-19 pandemic is a serious global crisis, and the Court is lenient about granting timely requests for deadline extensions caused by pandemic-related disruptions. But Petitioner has proffered no reason for ignoring the deadline and filing nothing until nearly three times his allotted response time expired.  Petitioner has not established excusable neglect.

      Even when the reason for the delay is weak, where the equities favor excusing the

---

[1] In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court addressed the meaning of the phrase "excusable neglect" as it appears in Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure and specifically noted that Rule 9006(b)(1) "was patterned after" Rule 6(b) of the Federal Rules of Civil Procedure. 507 U.S. at 391. The Ninth Circuit subsequently confirmed that the *Pioneer* test applies in the context of Rule 6(b) and Rule 60(b) of the Federal Rules of Civil Procedure and Rule 4(a)(5) of the Federal Rules of Appellate Procedure. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997).

[2] When assessing whether a failure to act was caused by "excusable neglect," a court may not impose per se rules. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004).

negligence, the court must do so. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-25 (9th Cir. 2000). But here, to the extent that the filing is also intended to be his objections, Petitioner's objections fail on the merits and provide no reason to depart from the R&R's analysis. Even if the Court could find excusable neglect, any extension of the deadline would be futile.

Accordingly,

**IT IS ORDERED** that Petitioner's "objection" (Doc. 20), which the Court construes as a Rule 60(b) motion, is denied.

Dated this 9th day of October, 2020.

Dominic W. Lanza
United States District Judge

- 3 -